IMGARD et al. v. ASHLEY.

(City Court of New York, General Term. March, 1902.)

ACTION ON JUDGMENT—LAPSE OF TIME—SUBMISSION OF DEFENSE TO JURY.

    Where, in an action on a 17 year old judgment, there was some evidence in support of the plea of payment, it was error to direct a verdict for plaintiff, the great lapse of time since the rendition of the judgment raising a presumption of payment, which, though not conclusive, entitled defendant to a submission of the question to the jury.

Appeal from trial term.

Action by Julius Imgard and another, as executors, against John J. Ashley. From a judgment in favor of the plaintiffs and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before DELEHANTY, McCARTHY, and SEABURY, JJ.

Hylan & Underhill (George Tiffany, of counsel), for appellant.
James A. Allen, for respondents.

DELEHANTY, J. The action is upon a judgment of this court entered in May, 1885, in favor of plaintiffs' testator and against the defendant herein. The defense is payment and satisfaction by the delivery of certain goods to and acceptance thereof by the testator in his lifetime. Upon the trial the plaintiffs put in evidence the necessary record proof of their claim, and then called one of the plaintiffs, who testified that neither he nor his coexecutor had ever received payment of the judgment, or any part thereof. He was unable to say, however, whether any payment on account thereof had ever been made his testator. Plaintiffs thereupon having rested, the defendant, to maintain the issue of payment, then put in evidence a postal card sent to him by the plaintiffs' testator on March 6, 1886, asking for the lowest price on four gross of electric plasters, to be applied on account; also the following letter, which is quoted in full on account of its seeming importance:

"March 17th, 1886.

    "Mr. Ashley—Dear Sir: If you will send me two gross, each style, as I had last of you, at same price, I will push same, as I have done in our stores. Am helping you in selling same & will credit your account with same amount, and send receipt for same. I am willing to help you all I can to pay your debt by crediting all goods I can sell, and it will certainly make sales for same plasters elsewhere, which makes best advertising for you, without any cost. Send plasters at once to 49th and 6th Ave., as this is the best season, next four weeks.

    "Yours truly,                              Albert Imgard."

For the purpose of further identification, the envelope which contained the communication referred to was received in evidence, and upon its face appears the address, "J. J. Ashley, Brooklyn, L. I.," and in one of the corners, "Ashley Electric Plasters." The defendant then testified that he delivered and left plasters at the drug store of Mr. Imgard, after the entry of judgment and before his death in 1890, to the amount and reasonable value of $208; that Mr. Imgard saw the plasters there, and that thereafter no one called upon him (defendant) with reference to the judgment, until this action was com-

menced, although during all of said time he had resided continuously in Brooklyn, in this state. At the close of plaintiffs' case defendant moved for a dismissal of the complaint for lack of proof, which was denied, and that motion was renewed again at the end of the whole case, and again denied. To those rulings exceptions were duly noted. Like rulings were also made to a request for a direction of a verdict in favor of defendant, and for leave to go to the jury, to which exceptions were also duly taken. Thereupon the court directed a verdict in favor of plaintiffs for the full amount claimed, and an exception thereto was also noted.

In our opinion, the jury should have been allowed to pass upon the question of payment. The great lapse of time—namely, 17 years.—since the obtaining of the judgment raised a presumption of payment, which, while not conclusive, entitled defendant to a submission of that question to the jury, as evidence in support of his defense thereof. Macaulay v. Palmer, 125 N. Y. 742, 26 N. E. 912. It follows, therefore, that the direction of a verdict was error, which requires a reversal of the judgment. The judgment and order is therefore reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event. All concur.